O132LozC kjc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                    New York, N.Y.

            v.                               23 Cr. 180 (KPF)

JUAN PABLO LOZANO,

                Defendant.

------------------------------x              Conference

                                             January 3, 2024
                                             11:25 a.m.


Before:

                    HON. KATHERINE POLK FAILLA,

                                        District Judge



                          APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  SARAH L. KUSHNER
     Assistant United States Attorney


CARDI & EDGAR, LLP
     Attorney for Defendant
BY:  DAWN M. CARDI


Also Present:

FRANCISCO OLIVERO, Spanish Interpreter


                  SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

O132LozC kjc

(Case called)

MS. KUSHNER:  Good morning, your Honor.  Sarah Kushner for the government.

THE COURT:  Good morning.

MS. CARDI:  Good morning, your Honor.  Dawn Cardi for Mr. Lozano.

And I apologize for my lateness, your Honor.

THE COURT:  All right.

MS. CARDI:  I was coming from Brooklyn and got detained.

THE COURT:  Okay.  All right.  Thank you very much. You are welcome to be seated.  Mr. Lozano, you are welcome to be seated.

Mr. Lozano, you are receiving assistance from a Spanish language interpreter at this time.  If at any point you cannot hear or cannot understand what is being said, please let me know or please let your attorney know so that we can be sure that you understand what is happening.

Have you been able to hear and understand all that I have said so far in this conference?

THE DEFENDANT:  More or less.

THE COURT:  Have you had problems hearing what I have been saying or understanding what I have been saying?

THE DEFENDANT:  I have difficulties understanding all of this, but yes.

O132LozC kjc

THE COURT:  Okay.  Ms. Cardi, what would you like me to do?  Do you want me to take a break so that you can explain to your client the purpose of this conference and then return when you believe he is comfortable with what's happening or something else?

MS. CARDI:  Your Honor, I think what he is saying is he doesn't understand --

THE COURT:  -- the entire prosecution?

MS. CARDI:  Yes.

THE COURT:  I see.

MS. CARDI:  I don't believe it is the translation. But let's ask him if he is understanding the Spanish translation.

THE COURT:  Mr. Lozano, at this moment I am focusing on this conference that's taking place right now.  Have you been able to hear and to understand everything that I have said today at this conference?

THE DEFENDANT:  What are you saying?  Could you repeat that again?

THE COURT:  Yes, sir.  What I am saying, my initial question to you was a question that was designed to ensure that you understood what was happening in today's proceeding. What I am saying to you is, focusing your attention on this conference this morning, have you been able to hear and to understand everything that has been said at this conference

O132LozC kjc

this morning?

THE DEFENDANT:  Well, yes, yes.

THE COURT:  And when you earlier used the expression "more or less," were you referring to your criminal prosecution more broadly?

THE DEFENDANT:  Something like that.

THE COURT:  All right.  Ms. Cardi, I believe you are correct.  Thank you very much.

Ms. Kushner, we are here today.  I have confidence that Mr. Lozano is understanding what I am saying at this moment.  What would you like me to know about his prosecution at this time?

MS. KUSHNER:  Thank you, your Honor.

The parties were talking about potential pretrial resolutions and to ensure that the defense had not requested discovery in full until recently.  So until recently the government has only produced specific discovery that would have facilitated these pretrial negotiations.

I don't think that, at this stage, we expect there to be a pretrial resolution, and so now the government will go ahead and begin producing additional discovery on a rolling basis.  That discovery is extremely voluminous and will take many months to produce in full, but the government can begin right away producing a second rolling production on top of the initial materials it produced on December 15.

O132LozC kjc

THE COURT:  Just for my own knowledge, when you say many months to produce in full, have you gathered it or are you still in the process of gathering that discovery?

MS. KUSHNER:  A significant amount of discovery has been gathered, and there is a significant amount of additional discovery that is being reviewed and is not currently in the government's possession.

THE COURT:  I appreciate that.  Thank you.  All right.

So the plan at the moment is to begin producing what you have, with the understanding that as more discovery comes in, you will be turning that over to Ms. Cardi as well?

MS. KUSHNER:  Yes, your Honor.

THE COURT:  Are there other things specific to Mr. Lozano's prosecution that you would like me to know?

MS. KUSHNER:  No.

And I would note that, of course, the defendant here is charged with several conspiracies, so the discovery that will be getting rolled out will pertain to the conspiracy.  It will not directly apply to this defendant.

As to this defendant, specific discovery has been produced to him.

THE COURT:  Is there a protective order already in place?

MS. KUSHNER:  Yes, your Honor.

O132LozC kjc

THE COURT:  Thank you.  Okay.  Thank you very much.

Ms. Cardi, what would you like me to know, please?

MS. CARDI:  Your Honor, my client has advised that he would like a speedy trial of this matter.  I am unaware as to whether or not the Court found this to be a complicated case or not, but he has said repeatedly that he would like to go to trial in this matter.

THE COURT:  But I presume, Ms. Cardi, that you would like to receive discovery in this matter.

Let's back up one moment, please.  First of all, is the government correct that there were discussions at an earlier stage in this case about a possible pretrial resolution that might not necessitate plenary production of discovery?

MS. CARDI:  That is correct.

THE COURT:  And when did they end approximately, please?

MS. CARDI:  I would say before the holidays.

THE COURT:  Okay.  So it's not as though they ended in September and we are just coming to this now.

MS. CARDI:  No.

THE COURT:  Your client wishes a speedy trial, but I have to believe that you, for Sixth Amendment purposes, would like to receive discovery in this case.

MS. CARDI:  I would, but I want to assure my client

O132LozC kjc

that I am doing everything possible to get his case tried expeditiously.  But I do believe that we should have all the discovery before we move to trial.

THE COURT:  Yes.  Well, I do, as well.  We don't want to find out later on that there was something that you were missing.

So when you say that your client wants a speedy trial, do you have an idea -- I mean, are you looking for a trial -- it won't be tomorrow.  I don't think it will be in this quarter.  Are you asking me to set a trial date today, even though, for example, discovery has not been produced? Or, instead, perhaps could we set a conference in March at which point more discovery will have been produced and you will let me know, for example, if there are motions that you wish to bring?

MS. CARDI:  That would be fine, your Honor.  The March date, and at that point perhaps we can determine whether there are any motions to be made.

THE COURT:  Okay.  Let me do this, please.  My deputy tells me, because I have some -- Ms. Cardi, your client wishes to speak.  Perhaps you could take a moment to speak with your client and then communicate the information that you want to me.

(Defense counsel confers)

THE DEFENDANT:  No, no, no.  I would like to address

O132LozC kjc

you.

THE COURT:  Sir, I appreciate that.  Before -- it has been my practice for individuals who are represented by attorneys that they first discuss with their attorney what they want to say to me.  Because my concern, sir, is that you may say something that hurts your case without realizing that it hurts your case.

So I would ask you, first, to speak with your attorney with the assistance of an interpreter, and then either of you can communicate to me the information that you want to communicate if your attorney agrees that it is appropriate to do so.

Do you understand what I have just said?

THE DEFENDANT:  Uh-huh, uh-huh.

THE COURT:  Thank you, Mr. Interpreter.

(Defense counsel and defendant confer)

MS. CARDI:  Your Honor, Mr. Lozano would like the Court to know that he's not seen any proof of his guilt.

THE COURT:  I appreciate knowing that.  Mr. Lozano -- hold on please.  I just want to take a note of this.

Mr. Lozano, I believe I understood from the prosecutor, and your attorney will correct me if I am wrong, but I believe I understood from the prosecutor that only a small portion of the discovery that is in the possession of the government was produced to you at this stage, and that

O132LozC kjc

that's why you may not have seen discovery that you believe -- or that would implicate you in these crimes.

I have been advised now that the government is going to be producing discovery to your attorney on a rolling basis. You will get much more discovery.  You will be able to review that with your attorney.  And either you will -- either there will be proof of your involvement or not.  And if it turns out that you haven't seen the proof, then we will have a trial and you will make those very arguments.

But I wouldn't -- I'm not placing too much importance in the fact that today you have not seen evidence indicating your guilt, because the government has just told me they haven't produced all of that evidence.

Ms. Cardi, something else?

MS. CARDI:  Yes.

The government has said that they have produced all of the evidence that they think implicates my client.  However, the bulk of their evidence, they claim, are statements from cooperators, which I have explained to Mr. Lozano we would not get access to until probably a month before trial.

THE COURT:  I see.  All right.  So your point, Ms. Cardi, is that actually the discovery that is anticipated—and this is what Ms. Kushner was saying—is discovery regarding the larger conspiracy and not your client's particular involvement in it.

O132LozC kjc

MS. CARDI:  Exactly.  There is more than one conspiracy, as I understand it, and it's important for Mr. Lozano to know about these facts for his own trial.  But he, as I understand it, will not actually be named in the discovery itself.

THE COURT:  I see.  This -- the evidence of his involvement comes from witness statements that have not yet been produced.

MS. CARDI:  Right, and won't be produced until 3500 material, which is about a month before trial.

THE COURT:  That is correct, yes.  All right.

So Mr. Lozano, as your attorney just said, to the extent that the evidence of your involvement is in the form of individuals -- well, folks who were actually involved in the conspiracy who say that you were involved as well, you would not get that information until later on in this case.

If you believe, sir, that you have done nothing wrong and you are not involved, then we can have a trial.  But I at least want there to be some production of discovery, and I do want your attorney to have more of an opportunity to speak with you about this case and about the evidence against you or that doesn't exist against you before we make a final decision.

So I appreciate what you are saying, sir, and I also appreciate what your attorney has said, and that's where we are

O132LozC kjc

today.  But your point is you wish to go to trial, yes, sir?

THE DEFENDANT:  What else can I do?  Listen to me.

THE COURT:  Well, I am listening to you, sir.

THE DEFENDANT:  I don't understand this.  First of all, I don't know these people.  I don't know why there is a conspiracy with those persons that I don't even know.  If they already supposedly gave the evidence, the discovery that is about what my participation in the case was, why do I have to look at evidence of other people that I don't even know?  People that I don't even know.  Understand?  How can I care about things related to  someone else?

THE COURT:  Mr. Lozano, I want to be very clear that at this stage I am not in a position and it would be inappropriate for me to provide legal advice to you.

What I am saying is you do have an attorney.  She is advising you on this case.  And I want her to be able to have a complete picture of the case before she gives you advice.

I appreciate what you are saying, which is that the evidence that you have seen so far does not suggest or does not indicate that you are involved in any way.  And I also appreciate that you are telling me that you don't know the individuals who are involved in the conspiracy.

The fact remains that the government has been told by people that you were involved in the conspiracy.  They have given some of this information to your attorney.  And I just

O132LozC kjc

want to make sure that she has the time that she needs to speak with the government——"she" being your attorney——to speak with the government and to speak to you about this evidence.

If, when we get together in March, you want to have a trial or you and your attorney want to bring motions, we will set those motions.  But for now, just given that the discussions you were having with the government only ended a few weeks ago, I do want to make sure your attorney has the time that she needs to give you complete, knowledgeable legal advice.

THE DEFENDANT:  But she also does not tell me anything.  I know nothing about the case.  Nothing.  Take me from prison and sit me in this chair before you and state that I participated with El Chapo, when they grab me with 500 pills at the bridge, that's it.  I have nothing to do with those people.

THE COURT:  Ms. Cardi, I'm worried that if your client continues to speak he is not going to help himself, so I'm going to stop at this moment --

MS. CARDI:  Thank you, your Honor.

THE COURT:  -- because he is getting to the point where he is about to reveal or may reveal privileged communications which I don't want to know about.

I am asking you, Ms. Cardi, to please meet with your client as regularly as you need to to allay the concerns that

O132LozC kjc

he's been expressing to me today, and if it turns out that that can't be done, then we will have to talk about that.

Ms. Noriega, may I please have a conference date?  I believe I actually -- I was about to mention it, I am advised by my deputy, Ms. Noriega, that I do have time on March 26, at 11 a.m.  Is that a date and time that works for the government?

MS. KUSHNER:  Yes, your Honor.

THE COURT:  Is that a date and time that works for the defense?

MS. CARDI:  Yes, your Honor.

THE COURT:  All right.  Ms. Kushner, there are multiple defendants in this case, and I know that we go out as long as whatever is the longest Speedy Trial Act exclusion. If you don't know what that is, then for -- just for belt-and-suspenders purposes, as it were, I will exclude time between these two conferences, or at least I will entertain a motion to do that.  I don't want to say I will do anything.

But is there another date I should be looking towards?

MS. KUSHNER:  Your Honor, I believe time is currently excluded through early March, so at least maybe two and a half weeks prior to the next date for this defendant, and the government would ask that time be excluded through March 26. It anticipates that the other codefendants who have already

O132LozC kjc

agreed to time to be excluded would agree to that date and, more importantly, to allow the government to produce the discovery that's been discussed today so that Ms. Cardi can review that discovery with her client and determine whether there are any motions to be made. So for those reasons, we believe that the interest in a speedy trial is outweighed by those interests.

THE COURT: Just one moment, please. I didn't ask this question earlier, so I don't fault you for that, what is the schedule for producing discovery? Is there going to be a situation where Ms. Cardi must give to your office a hard drive that gets loaded with the discovery or something else?

MS. CARDI: Yes. We will need hard drives, and we will let Ms. Cardi know what the size of the hard drive is. It will change as the rolling productions are made between now and March.

THE COURT: Okay. Thank you very much.

MS. KUSHNER: And, your Honor, I would just want to say—and I'm sure the defendant and I'm sure Ms. Cardi are aware—that the discovery that has been produced to date pertains to the defendant's own arrest and separate prosecution in Texas for a substantive fentanyl trafficking, and of course here he is charged with fentanyl trafficking conspiracy. And the evidence that he was arrested near the border of Mexico with fentanyl pills and charged substantively

O132LozC kjc

for that in Texas would be direct evidence of his participation in the fentanyl trafficking conspiracy that covers the same time frame.

So I just want to make sure he appreciates the nature of the discovery that's been produced to him so far.

THE COURT:  I believe what he is saying to me—and I'm not opining on its accuracy or not—is that, having heard about other individuals involved in the conspiracy, he doesn't know who they are and therefore believes he could not have conspired with them.

I am aware, you are aware, Ms. Cardi is aware that the law isn't quite like that and one can participate in a conspiracy without knowing all of the members of the conspiracy.  But what he has made clear to me today is his belief that the evidence that has been produced thus far does not show his involvement in the charged conspiracies, and I'm confident that as a result of today's conversation, you and Ms. Cardi are going to be having more thoughtful discussions about the reasons why the government believes he is involved in the charged conspiracies.

MS. KUSHNER:  Absolutely, your Honor.

THE COURT:  Okay.  Thank you.

One moment, please.  Thank you very much.

Ms. Cardi, you wanted to add something, and then your client wanted to say something, but I do want you to talk to

O132LozC kjc

him before he says it.

MS. CARDI:  Yes.  Thank you.

Your Honor, my client wants me to object to the speedy trial --

THE COURT:  Okay.  Even though you have no discovery and you would be flying blind, yes?

MS. CARDI:  Correct.

THE COURT:  Okay.  Well, for that reason, I'm going to grant the exclusion of time under the Speedy Trial Act over your objection.  It would be folly for you to go to trial at this stage not having the discovery, not knowing what's going on in this case, and not having had the time you need to talk to the government about the bases why it believes your client is involved.

So I appreciate that your client wants you to object. I respect that.  I'm granting the exclusion over his objection, because it is more important to me that you provide him the legal advice that he needs and that you have the information you need to provide the best advice that you can.

So, yes, time is excluded through March 26, 2024.

Now, Ms. Cardi, your client wanted to say something. Perhaps it is just he wanted to confirm that he was objecting to the government's request.

MS. CARDI:  I want to hear what he has to say first.

THE COURT:  Of course, and you will let me know as

O132LozC kjc

appropriate.  Thank you.

(Defense counsel and defendant confer)

MS. CARDI:  I think we are fine, your Honor.

THE COURT:  Ms. Cardi, is there anything else to add or is this a conversation you need to continue with your client?

MS. CARDI:  It's a conversation we need to continue. Thank you, your Honor.

THE COURT:  All right.  Well, I will expect you will do that in the near term.

We are adjourned.  Thank you very much.

MS. CARDI:  Thank you.

oOo