O3MVGUTA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                        23 Cr. 180 (KPF)

CARLOS OMAR FELIX GUTIERREZ,

              Defendant.            Arraignment

------------------------------x

                                    New York, N.Y.
                                    March 22, 2024
                                    11:40 a.m.


Before:

                HON. KATHERINE POLK FAILLA,

                                    District Judge


                        APPEARANCES


DAMIAN WILLIAMS,
     United States Attorney for the
     Southern District of New York
NICHOLAS S. BRADLEY
     Assistant United States Attorney

ERIC R. BRESLIN
ARLETTA SINGH
     Attorneys for Defendant


Also Present:  Cristina Weisz, Interpreter (Spanish)


                SOUTHERN DISTRICT REPORTERS, P.C.
                      (212) 805-0300

O3MVGUTA

(Case called)

THE LAW CLERK:  Will counsel please state their names for the record, beginning with the government.

MR. BRADLEY:  Good morning, your Honor.

Nicholas Bradley, for the government.

THE COURT:  Good morning and thank you.

Mr. Breslin, good morning to you, sir.

MR. BRESLIN:  Good morning, your Honor.

Eric Breslin, Duane Morris.

Mr. Felix Gutierrez is to my left.  And this is my partner Arletta Singh.

THE COURT:  Thank you.  And good morning to each of you.  You're welcome to be seated.

Mr. Breslin, should I be directing my questions to you or to Ms. Singh this morning?

MR. BRESLIN:  For this appearance, to me.

THE COURT:  Okay.  Good.

(Indiscernible crosstalk)

MR. BRESLIN:  -- still is to come.

THE COURT:  Okay.  Thank you.

All right.  Mr. Gutierrez, you are receiving assistance at this time from a Spanish language interpreter. If at any time you cannot hear or cannot understand what is being said, please let me know; or please let your attorneys know so that we can make sure that you're hearing everything.

O3MVGUTA

Have you been able to hear and understand everything that I have said so far?

THE DEFENDANT:  Yes.

THE COURT:  Thank you.

All right.  Counsel, it's my understanding that today is both a presentment and an arraignment; am I correct?

MR. BRESLIN:  That is correct, your Honor.

MR. BRADLEY:  Yes.

THE COURT:  Okay.  Thank you very much.

So Mr. Gutierrez, I am Judge Failla.  I am the judge to whom this case has been assigned.

You've been charged in an indictment with several offenses that I'll discuss in just a moment.  But the purpose of this proceeding is to address several things:  It's to make sure that you're aware of the charges against you, it is to make sure that you -- that the issue of your legal representation is resolved, and it is to discuss whether there are conditions on which you can be released from custody.

So beginning with the first, you've been charged in an indictment.  That indictment has the docket number 23 CR 180. And it charges you with several counts, so let me tell you what those counts are.

It charges you with conspiracy to import Fentanyl, in violation of Title 21, United States Code, Section 963; and Title 18, United States Code, Section 3238.  It charges you

O3MVGUTA

with a count of conspiracy to traffic Fentanyl, in violation of Title 21, United States Code, Section 846; and Title 18, United States Code, Section 3238.  It charges you with one count of possessing a machine gun or a destructive device, in violation of Title 18, United States Code, Sections 924(c)(1)(A), 924(c)(1)(B)(ii), 3238, and then Section 2.  It charges you with one count of conspiracy to possess machine guns and destructive devices, in violation of Title 18, United States Code, Sections 924(o) and 3238.  And it charges you with one count of money laundering conspiracy, in violation of Title 18, United States Code, Sections 1956(h), 1956(f), and 3238.

And I'll ask you later on, sir -- well, I can ask you now.  Do you understand, sir, that those are the charges that have been filed against you in the indictment?

THE DEFENDANT:  Yes.

THE COURT:  Let me confirm with counsel, please, it is my understanding that Mr. Gutierrez arrived last evening.  Was he extradited into this district last evening?

MR. BRADLEY:  He was, your Honor.  He was extradited from Colombia.  He arrived on a flight at the White Plains Airport in this district at approximately 4:15 p.m.  He was brought to the courthouse this morning.

THE COURT:  Okay.  Thank you very much.

Mr. Breslin, that's your understanding as well, sir?

MR. BRESLIN:  That is what I've been so informed by

O3MVGUTA

Mr. Gutierrez, yes.

THE COURT:  Thank you, sir.

As I mentioned, Mr. Gutierrez, part of the reason of this proceeding is to provide you certain rights that you have, to speak to you about your counsel, and to determine whether there are conditions of release.

Please understand, sir, you have a right to have your attorneys — an attorney — represent you at this and all proceedings related to these charges.  If you cannot afford an attorney, one would be appointed for you or provided for you at no cost to you.  It is my understanding, sir, that at least at this stage you do not have retained counsel and you are asking for counsel to be appointed for you.  Am I correct, sir?

THE DEFENDANT:  Yes.

THE COURT:  I've been given a document that's called a financial affidavit.  I know it also is a CJA 23 form.  I'm going to hold up the copy that I have, sir, and ask if you recognize this document.

THE DEFENDANT:  No.

THE COURT:  Okay.  I'm going to ask my law clerk to pass it back to you, to your attorney and you.  Just confirm that you've seen this document.  It may be that at a distance you may not be familiar with it.

MR. BRESLIN:  I couldn't see it.

THE DEFENDANT:  Sorry, I couldn't see it well.

O3MVGUTA

THE COURT:  No, I understand I was asking a lot to see that you could read it from that far away, sir.

So now that you've seen this document, is this a document that you have reviewed with your attorneys?

THE DEFENDANT:  Yes.

THE COURT:  And there is a signature on the document right here.  Is that your signature, sir?

THE DEFENDANT:  Yes.

THE COURT:  I'm going to ask you please to stand and raise your right hand, sir.

Do you swear under penalties of perjury that the statements contained in this document are true to the best of your knowledge and belief, so help you God?

THE DEFENDANT:  Yes.

THE COURT:  Please be seated, sir.  Thank you.

Given the information contained in this document, I am approving counsel -- the appointment of counsel for you, specifically, Mr. Breslin and, I'm sorry, Ms. --

MR. BRESLIN:  Singh.

THE COURT:  Singh.  Thank you.  I'm so sorry, Ms. Singh.  I'll get to know you if Mr. Breslin lets you speak.

MR. BRESLIN:  Oh, your Honor.

THE COURT:  All right.  And I therefore am appointing counsel for you.  Thank you.

Mr. Gutierrez, please understand, sir, as well, that

O3MVGUTA

you have the right to remain silent.  And when I say that, sir, what I mean is as follows:  You're not required to make any statements here or to law enforcement authorities.  If you start to make a statement, you may stop at any time.  If you've already made statements to law enforcement authorities, you don't need to say anything more.  But if you do make a statement, that statement could be used against you at a trial or at other proceedings.  Are you aware of that, sir?

THE DEFENDANT:  I do.

THE COURT:  Counsel, have you received a copy of the indictment?

MR. BRESLIN:  In English and in Spanish, your Honor.

THE COURT:  Thank you very much.

All right.  And you've reviewed it with your client?

MR. BRESLIN:  We have provided the client with a copy of the Spanish version which the marshals have indicated they will let him take with him so that he has a chance to read it at his leisure.  He got it, in fairness, probably 10 to 15 minutes ago.

THE COURT:  Can he be arraigned on it, sir?

MR. BRESLIN:  Absolutely.

THE COURT:  You've discussed it sufficiently with him?

MR. BRESLIN:  Absolutely.

THE COURT:  Okay.

And then may I ask your client some questions in order

O3MVGUTA

to arraign him?

MR. BRESLIN:  Please.

THE COURT:  Thank you.

Mr. Gutierrez, I've been advised by your attorney that they have received and they have both an English and a Spanish language version of the indictment; and that the Spanish language version has been given to you to take with you.

Is that correct, sir?

THE DEFENDANT:  Yes.

THE COURT:  I also understand that you and your attorneys have reviewed, generally speaking, the indictment in this case.

THE DEFENDANT:  Yes.

THE COURT:  Would you like me to read this document into the record of the court or do you waive its public reading?

THE DEFENDANT:  Could you please repeat that question?

THE COURT:  Yes.  He's having difficulty hearing, I'm understanding.

THE INTERPRETER:  He's saying there's something wrong with the equipment.  Let me check.

THE COURT:  Okay.  Thank you.

THE INTERPRETER:  It was just the volume, your Honor.

THE COURT:  Oh, yes, of course.

Let me ask the question again, please, sir, now that

O3MVGUTA

you can hear better.

Would you like me to read the contents of the indictment into the record of the court proceeding or do you waive its public reading?

THE DEFENDANT:  No, it's not necessary.

THE COURT:  I will accept that as a waiver, if counsel agrees it is a waiver.

MR. BRESLIN:  That is my recommendation and that is my request.

THE COURT:  I understand.

Mr. Gutierrez, how do you plead to these charges, guilty or not guilty?

THE DEFENDANT:  Not guilty.

THE COURT:  We are recording your not-guilty plea.

Mr. Bradley, before I discuss with you issues of discovery in this case, I want to be sure that the government — and you are here as the representative of the prosecution team — are aware of your obligations under the Federal Rules of Criminal Procedure, in particular, the amended Rule 5(f) with respect to disclosure.  Am I correct that you're aware of them, sir?

MR. BRADLEY:  We are, your Honor.

THE COURT:  There are written orders that are very common that are circulated in these cases.  Have you seen an order of this type?

O3MVGUTA

MR. BRADLEY:  Yes, your Honor.

THE COURT:  All right.  I will be issuing one later today.

At this time, sir, may I confirm with you that the government is aware of its disclosure obligations, it is aware of the consequences of nondisclosure, it has complied with its obligations to date, and it will continue to comply going forward?

MR. BRADLEY:  Yes, your Honor.

THE COURT:  Thank you very much.  And I will sign the 5(f) order that I will issue later today.

Mr. Bradley, let me please hear from you, sir, with respect to the types of evidence that the government has and would be producing to Mr. Gutierrez and his counsel.  And if there have been discussions with defense counsel about next steps or even in the short-term, I'd be happy to hear them if I'm allowed to.

MR. BRADLEY:  Of course, your Honor.

With regard to the discovery, as the Court may be aware, there are a large number of defendants and there is a very large amount of discovery.

With regard to this particular defendant, your Honor, the discovery would primarily consist of electronic communications, recordings of meetings involving the defendant and others and other co-conspirators, as well as photographs,

O3MVGUTA

law enforcement reports, videos, and then also laboratory reports. I believe there may also be some financial records as well in response to grand jury subpoenas.

In terms of next steps, your Honor, I did discuss this with defense counsel. I think it would be appropriate for the Court to set a status conference in approximately 60 days so that we can have discussions about getting that discovery over to them, and then also have some preliminary discussions about a potential resolution as well.

THE COURT: And just without putting too fine a point on it, sir, do I understand that at the moment there's not a schedule in place for discovery, and part of the reason for the extended time period is to allow those discussions to take place with counsel?

MR. BRADLEY: Yes, your Honor, I believe that would be appropriate as well.

THE COURT: All right.

Mr. Breslin, is that your understanding as well, sir?

MR. BRESLIN: Yes, your Honor.

THE COURT: Thank you.

Then I am advised by my law clerk that I do have availability on May 23rd of 2024 at 12 noon.

Is that a date and time that works for the government?

MR. BRADLEY: Yes, your Honor.

THE COURT: Is that a date and time that works for the

O3MVGUTA

defense?

MR. BRESLIN:  Might I have just 15 seconds, your Honor?

THE COURT:  Of course.

MR. BRESLIN:  I have a family medical issue.  My wife is having an operation.  Could we move it back a week, just as a matter of personal privilege?

THE COURT:  No, but we can reschedule it.  I have something that preceding week.  So we'll find some time.

MR. BRESLIN:  Maybe earlier that week, that Monday, is that possible for the Court?

THE COURT:  We could do the 22nd at 11, if that works.

MR. BRESLIN:  No.

THE COURT:  Okay.

MR. BRESLIN:  I'm sorry.

THE COURT:  No, no, that's -- I could do the 21st at 2.

MR. BRESLIN:  Yes.

THE COURT:  Does that work for the government as well?

MR. BRADLEY:  It does, your Honor.

THE COURT:  So it will be May 21st, 2024, at 2 p.m.

Mr. Bradley, I should have asked you, and excuse me for not having asked this earlier, are there any statements made by Mr. Gutierrez to law enforcement that would have to be disclosed?

O3MVGUTA

MR. BRADLEY:  No, your Honor.

THE COURT:  And are there victims that would -- that require notification?

MR. BRADLEY:  Not at this time.

THE COURT:  Thank you.

Mr. Breslin, this is an unusual case in that I'm getting defendants as they arrive.  I suspect if I looked back at the docket, I would find an outside date for Speedy Trial Act purposes.  But in the interest of belt and suspenders, I think the government is going to make a request to have the date set as to May 21st.

MR. BRESLIN:  No objection.

THE COURT:  No objection.

Have you had a moment or would you take a moment, please, to speak with your client about the Speedy Trial Act so that he's not surprised by this discussion.

MR. BRESLIN:  Yes.

THE COURT:  Thank you.

(Counsel conferred with defendant)

MR. BRESLIN:  Your Honor, I gave a basic explanation of the speedy trial statute.  He understands it, at least as related to him, and agrees that we have no objection to the time between now and May 21st being excluded.

THE COURT:  Thank you very much.

Mr. Bradley, I know that's a little bit backwards, but

O3MVGUTA

I'll have you please make the government's motion.

MR. BRADLEY:  Yes, your Honor.

The government would respectfully request that the Court exclude time under the Speedy Trial Act from today's date until the next status conference in this matter, which was just marked up for May 21st.

The government would make that request under Title 18 of the United States Code, Section 3161(h)(7)(A), and would respectfully submit that the proposed exclusion of time would serve the ends of justice so that the parties can produce and allow time for review of voluminous discovery in this case and also allow for potential discussions about a resolution of the matter as well.

THE COURT:  Thank you very much.

Mr. Gutierrez, just to add to the discussions that you've had with your attorney and that you've just heard now that I've had with the prosecutor, it is very common to exclude time under the Speedy Trial Act between the first and second conferences.  And that is because it's very important for the government to be able to arrange to produce discovery to you and to your attorneys, to give you a meaningful opportunity to review that discovery and to speak with your attorneys, and to allow your attorneys to speak with the government about the options that are available to you at this time.

Given that, given how important it is for you to have

O3MVGUTA

the time to do those things, I'm going to be making a finding.

And that finding is that the ends of justice served by

excluding the period of time between today's date and May 21st,

outweigh the interests that you have in getting to trial more

quickly or that the public has in you getting to trial more

quickly.  I do want to make sure you have all the information

you need to make very important decisions, sir, and so I am

excluding time until our next conference.

Do you understand what I've just said?

THE DEFENDANT:  Yes.

THE COURT:  It was my understanding before I came out

on the bench that at least at this stage in the proceeding, the

parties are consenting to Mr. Gutierrez's detention without

prejudice to a further bail application.

MR. BRESLIN:  Correct.  And we are going to waive the

interview by pretrial services as well.

THE COURT:  Okay.  Thank you.

All right.  I have several copies of the bail

disposition sheet signed and we'll figure out where they have

to go afterwards.  Thank you.

Mr. Bradley, from the government's perspective, is

there anything else I should be addressing today?

MR. BRADLEY:  No, your Honor.

THE COURT:  All right.

Mr. Breslin, Ms. Singh, anything else today?

O3MVGUTA

MR. BRESLIN:  No, your Honor.

THE COURT:  Thank you all very much.

I will see you in May, if not sooner.  Thank you.

\*    \*    \*