UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

NESTOR ISIDRO PEREZ SALAS,
   a/k/a "Nini,"
   a/k/a "19,"

               Defendant.

**SEALED SUPERSEDING INDICTMENT**

S1 23 Cr. 180 (KPF)

---

### COUNT ONE
### (Continuing Criminal Enterprise)

The Grand Jury charges:

1. From at least in or about 2014, up to and including on or about the date of the filing of this Superseding Indictment, in the Southern District of New York, Mexico, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, and others known and unknown, at least one of whom has been first brought to and arrested in the Southern District of New York, engaged in a continuing criminal enterprise (the "Continuing Criminal Enterprise"), in that PEREZ SALAS knowingly and intentionally participated in a continuing series of violations of Title 21, United States Code, Chapter 13, Subchapters I and II, including, among others, Violations One through Five set forth below, undertaken by PEREZ SALAS in concert with five and more persons with respect to whom PEREZ SALAS was one of several principal administrators, organizers, and leaders of the Continuing Criminal Enterprise, and where the violations involved at least 300 times the quantity of mixtures and substances containing a detectable amount of fentanyl described in Title 21, United States Code, Section 841(b)(1)(B), and resulted in the Continuing Criminal Enterprise receiving $10 million and more in gross receipts

during a 12-month period of its existence for the manufacture, importation, and distribution of fentanyl.

### Violation One

2. From at least in or about 2014, up to and including on or about the date of the filing of this Superseding Indictment, in Mexico, the United States, and elsewhere, NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to (i) import a controlled substance into the United States and into the customs territory of the United States from a place outside thereof, (ii) manufacture, distribute, and possess with intent to distribute a controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, and (iii) manufacture, distribute, and possess with intent to distribute a controlled substance on board an aircraft registered in the United States, which controlled substance was 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Sections 952(a), 959(a), 959(c), 960(a)(1), 960(a)(3), 960(b)(1)(F), and 963.

### Violation Two

3. From at least in or about 2014, up to and including on or about the date of the filing of this Superseding Indictment, in Mexico, the United States, and elsewhere, NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to distribute and possess with intent to distribute 400 grams and more of mixtures and

substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.

### Violation Three

4. On or about June 3, 2022, in Mexico, the United States, and elsewhere, NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, knowingly and intentionally distributed and possessed with intent to distribute a controlled substance, to wit, approximately 2.2 kilograms of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

### Violation Four

5. On or about July 7, 2022, in Mexico, the United States, and elsewhere, NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, knowingly and intentionally distributed and possessed with intent to distribute a controlled substance, to wit, approximately three kilograms of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

### Violation Five

6. In or about October 2023, in or around Culiacan, Mexico, and elsewhere, NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, while engaged in and working in furtherance of the Continuing Criminal Enterprise, and while engaged in one or more offenses punishable under Title 21, United States Code, Sections 841(b)(1)(A) and 960(b)(1), namely, the crimes charged in Counts Two and Three of this Superseding Indictment, intentionally and knowingly killed, and counseled, commanded, induced, procured, and caused the intentional

killing of one or more persons, namely, Alexander Meza Leon, German Alexis Beltran Gutierrez, Jesus Alberto Chaidez Beltran, Alberto Leon Mendoza, Joel Alejandro Leon Valenzuela, Alexis Alberto Meza Leon, Abel Ruiz Beltran, and Kevin Aly Sarmiento Zavala, and such killing did result, and did aid and abet the same, in violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2.

(Title 21, United States Code, Sections 848(a), 848(b), 848(c), and 848(e)(1)(A); and Title 18, United States Code, Sections 3238 and 2.)

## COUNT TWO
### (Fentanyl Importation Conspiracy)

The Grand Jury further charges:

7.   From at least in or about 2014, up to and including on or about the date of the filing of this Superseding Indictment, in the Southern District of New York, Mexico, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, and others known and unknown, at least one of whom has been first brought to and arrested in the Southern District of New York, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

8.   It was a part and an object of the conspiracy that NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, and others known and unknown, would and did import into the United States and into the customs territory of the United States from a place outside thereof a controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

9.   It was further a part and an object of the conspiracy that NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, and others known and unknown, would and did manufacture, distribute, and possess with intent to distribute a controlled substance, intending,

4

knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, in violation of Title 21, United States Code, Sections 959(a) and 960(a)(3).

10. It was further a part and an object of the conspiracy that NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, and others known and unknown, would and did, on board an aircraft registered in the United States, manufacture, distribute, and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 959(c) and 960(a)(3).

11. The controlled substance that NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, conspired to (i) import into the United States and into the customs territory of the United States from a place outside thereof, (ii) manufacture, distribute, and possess with intent to distribute, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, and (iii) manufacture, distribute, and possess with intent to distribute on board an aircraft registered in the United States, was 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 960(b)(1)(F).

> (Title 21, United States Code, Section 963; and
> Title 18, United States Code, Section 3238.)

## COUNT THREE
### (Fentanyl Trafficking Conspiracy)

The Grand Jury further charges:

12. From at least in or about 2014, up to and including on or about the date of the filing of this Superseding Indictment, in the Southern District of New York, Mexico, and elsewhere, and

5

in an offense begun and committed out of the jurisdiction of any particular State or district, NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, and others known and unknown, at least one of whom has been first brought to and arrested in the Southern District of New York, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

13. It was a part and an object of the conspiracy that NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

14. The controlled substance that NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, conspired to distribute and possess with intent to distribute was 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846; and
Title 18, United States Code, Section 3238.)

## COUNT FOUR
### (Possession of Machineguns and Destructive Devices)

The Grand Jury further charges:

15. From at least in or about 2014, up to and including on or about the date of the filing of this Superseding Indictment, in the Southern District of New York, Mexico, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, and for which at least one of two or more joint offenders has been first brought to and arrested in the Southern District of New York, NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, the offenses charged in Counts One, Two, and Three of this

Superseding Indictment, knowingly used and carried firearms, and, in furtherance of such crimes, knowingly possessed firearms, and aided and abetted the use, carrying, and possession of firearms, including machineguns that were capable of automatically shooting more than one shot, without manual reloading, by a single function of the trigger, as well as destructive devices.

(Title 18, United States Code, Sections 924(c)(1)(A), 924(c)(1)(B)(ii), 3238, and 2.)

## COUNT FIVE
### (Conspiracy to Possess Machineguns and Destructive Devices)

The Grand Jury further charges:

16. From at least in or about 2014, up to and including on or about the date of the filing of this Superseding Indictment, in the Southern District of New York, Mexico, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, and others known and unknown, at least one of whom has been first brought to and arrested in the Southern District of New York, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 924(c).

17. It was a part and an object of the conspiracy that NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, and others known and unknown, would and did, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, the offenses charged in Counts One, Two, and Three of this Superseding Indictment, knowingly use and carry firearms, and, in furtherance of such crimes, knowingly possess firearms, including machineguns that were capable of automatically shooting more than one shot, without manual reloading, by a single function of the trigger, as well as destructive devices, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(1)(B)(ii).

(Title 18, United States Code, Sections 924(o) and 3238.)

## COUNT SIX
(Money Laundering Conspiracy)

The Grand Jury further charges:

18. From at least in or about 2014, up to and including on or about the date of the filing of this Superseding Indictment, in the Southern District of New York, Mexico, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, and others known and unknown, at least one of whom has been first brought to and arrested in the Southern District of New York, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to commit money laundering offenses in violation of Title 18, United States Code, Section 1956.

19. It was a part and an object of the conspiracy that NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, and others known and unknown, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, (a) felonious narcotics offenses, in violation of Title 21, United States Code, (b) offenses against a foreign nation involving the manufacture, importation, sale, and distribution of a controlled substance (as such term is defined for the purposes of the Controlled Substances Act), and (c) any act or acts constituting a continuing criminal enterprise, as that term is defined in Title 21, United States Code, Section 848, with the intent to promote the carrying on of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

20. It was further a part and an object of the conspiracy that NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, and others known and unknown, knowing that

the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, (a) felonious narcotics offenses, in violation of Title 21, United States Code, (b) offenses against a foreign nation involving the manufacture, importation, sale, and distribution of a controlled substance (as such term is defined for the purposes of the Controlled Substances Act), and (c) any act or acts constituting a continuing criminal enterprise, as that term is defined in Title 21, United States Code, Section 848, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

21. It was further a part and an object of the conspiracy that NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, and others known and unknown, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, (a) felonious narcotics offenses, in violation of Title 21, United States Code, (b) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for the purposes of the Controlled Substances Act), and (c) any act or acts constituting a continuing criminal enterprise, as that term is defined in Title 21, United States Code, Section 848, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

22. It was further a part and an object of the conspiracy that NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, and others known and unknown, would and did

9

transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, to wit, (a) felonious narcotics offenses, in violation of Title 21, United States Code, (b) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for the purposes of the Controlled Substances Act), and (c) any act or acts constituting a continuing criminal enterprise, as that term is defined in Title 21, United States Code, Section 848, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

(Title 18, United States Code, Sections 1956(h), 1956(f), and 3238.)

## COUNT SEVEN
(Obstruction of Justice by Retaliating Against an Informant Through Murder)

The Grand Jury further charges:

23. In or about October 2023, in or around Culiacan, Mexico, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, and for which at least one of two or more joint offenders is expected to be first brought to and arrested in the Southern District of New York, NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, killed and attempted to kill another person with intent to retaliate against a person for: (A) the attendance of a witness or party at an official proceeding, and testimony given and a record, document, and other object produced by a witness in an official proceeding, and (B) providing to a law enforcement officer information relating to the commission and possible

commission of a Federal offense, and aided and abetted the same, to wit, PEREZ SALAS killed and procured the killings of Alexander Meza Leon, German Alexis Beltran Gutierrez, Jesus Alberto Chaidez Beltran, Alberto Leon Mendoza, Joel Alejandro Leon Valenzuela, Alexis Alberto Meza Leon, Abel Ruiz Beltran, and Kevin Aly Sarmiento Zavala, and attempted to kill another victim ("Victim-1"), in retaliation against a confidential source for the Drug Enforcement Administration ("DEA"), namely, victim Alexander Meza Leon (the "CS"), for the CS's assistance in the DEA's investigation of PEREZ SALAS and his associates and the resulting prosecution of PEREZ SALAS and his associates in the Southern District of New York.

(Title 18, United States Code, Sections 1513(a)(1)(A), 1513(a)(1)(B), 1513(a)(2)(A), 1513(a)(2)(B), 1513(d), 1513(g), 1111, 3238, and 2.)

## COUNT EIGHT
(Conspiracy to Obstruct Justice by Retaliating Against an Informant Through Murder)

The Grand Jury further charges:

24. In or about October 2023, in Mexico and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 1513.

25. It was a part and an object of the conspiracy that NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, and others known and unknown, would and did kill and attempt to kill another person with intent to retaliate against a person for the attendance of a witness or party at an official proceeding, and testimony given and a record, document, and other object produced by a witness in an official proceeding, in violation of Title 18, United States Code, Sections 1513(a)(1)(A), (a)(2)(A), (a)(2)(B), and 1111.

26. It was further a part and an object of the conspiracy that NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, and others known and unknown, would and did kill and attempt to kill another person with intent to retaliate against a person for providing to a law enforcement officer information relating to the commission and possible commission of a Federal offense, in violation of Title 18, United States Code, Sections 1513(a)(1)(B), (a)(2)(A), (a)(2)(B), and 1111.

(Title 18, United States Code, Sections 1513(d), 1513(f), 1513(g), 1111, and 3238.)

## COUNT NINE
### (Kidnapping Resulting in Death)

The Grand Jury further charges:

27. In or about October 2023, in or around Culiacan, Mexico, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, and for which at least one of two or more joint offenders is expected to be first brought to and arrested in the Southern District of New York, NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, knowingly and unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, and carried away and held for ransom and reward and otherwise a person, and aided and abetted the same, resulting in death, and such person was willfully transported in interstate and foreign commerce, and PEREZ SALAS traveled in interstate and foreign commerce and used the mail and a means, facility, and instrumentality of interstate and foreign commerce in committing and in furtherance of the commission of the offense, to wit, PEREZ SALAS kidnapped and procured the kidnappings of the CS, German Alexis Beltran Gutierrez, Jesus Alberto Chaidez Beltran, Alberto Leon Mendoza, Joel Alejandro Leon Valenzuela, Alexis Alberto Meza Leon, Abel Ruiz Beltran, Kevin Aly Sarmiento Zavala, a surviving victim who is a U.S. citizen ("Victim-2"), and two other surviving victims ("Victim-3" and "Victim-4"), resulting in the deaths of the

CS, German Alexis Beltran Gutierrez, Jesus Alberto Chaidez Beltran, Alberto Leon Mendoza, Joel Alejandro Leon Valenzuela, Alexis Alberto Meza Leon, Abel Ruiz Beltran, and Kevin Aly Sarmiento Zavala, in retaliation for the provision of information by the CS to the DEA concerning the narcotics trafficking activities of PEREZ SALAS and his associates, and PEREZ SALAS and his co-conspirators used cellphones to communicate in furtherance of the kidnappings.

28. At the time of the offense, Jesus Alberto Chaidez Beltran had not attained the age of eighteen years, and NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, had attained such age, and was not a parent, grandparent, brother, sister, aunt, uncle, or individual having legal custody of Jesus Alberto Chaidez Beltran.

(Title 18, United States Code, Sections 1201(a)(1), 1201(g), 3238, and 2.)

## COUNT TEN
### (Conspiracy to Commit Kidnapping Resulting in Death)

The Grand Jury further charges:

29. In or about October 2023, in Mexico and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to commit kidnapping, in violation of Title 18, United States Code, Section 1201(a).

30. It was a part and an object of the conspiracy that NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, and others known and unknown, would and did knowingly and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away, and hold for ransom and reward and otherwise a person, and such person would be and was willfully transported in interstate and foreign commerce, and PEREZ SALAS would and did travel in

interstate and foreign commerce and use the mail and a means, facility, and instrumentality of interstate and foreign commerce in committing and in furtherance of the commission of the offense, in violation of Title 18, United States Code, Section 1201(a)(1), resulting in death, to wit, PEREZ SALAS, working together with others, kidnapped and procured the kidnappings of the CS, German Alexis Beltran Gutierrez, Jesus Alberto Chaidez Beltran, Alberto Leon Mendoza, Joel Alejandro Leon Valenzuela, Alexis Alberto Meza Leon, Abel Ruiz Beltran, Kevin Aly Sarmiento Zavala, Victim-2, Victim-3, and Victim-4, resulting in the deaths of the CS, German Alexis Beltran Gutierrez, Jesus Alberto Chaidez Beltran, Alberto Leon Mendoza, Joel Alejandro Leon Valenzuela, Alexis Alberto Meza Leon, Abel Ruiz Beltran, and Kevin Aly Sarmiento Zavala, in retaliation for the provision of information by the CS to the DEA concerning the narcotics trafficking activities of PEREZ SALAS and his associates, and PEREZ SALAS and his co-conspirators used cellphones to communicate in furtherance of the kidnappings.

31. At the time of the offense, Jesus Alberto Chaidez Beltran had not attained the age of eighteen years, and NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, had attained such age, and was not a parent, grandparent, brother, sister, aunt, uncle, or individual having legal custody of Jesus Alberto Chaidez Beltran.

### Overt Acts

32. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed:

  a. On or about October 22, 2023, NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, kidnapped and caused the kidnapping of the CS in or around Culiacan, Mexico, in retaliation for the provision of information by the CS to the DEA concerning

the narcotics trafficking activities of PEREZ SALAS and his associates, during which kidnapping the CS was killed.

   b.  On or about October 24, 2023, NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, kidnapped and caused the kidnappings of Victim-2, Jesus Alberto Chaidez Beltran, Alberto Leon Mendoza, Victim-3, and Victim-4 in or around Culiacan, during which kidnappings Jesus Alberto Chaidez Beltran and Alberto Leon Mendoza were killed.

(Title 18, United States Code, Sections 1201(c), 1201(g), and 3238.)

## FORFEITURE ALLEGATIONS

   33.  As a result of committing the controlled substance offense charged in Count One of this Superseding Indictment, NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense, any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, and any and all interest in, claims against, and property and contractual rights affording a source of control over the continuing criminal enterprise described in Count One of this Superseding Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense.

   34.  As a result of committing the controlled substance offenses charged in Counts Two and Three of this Superseding Indictment, NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offenses, and any and all property used,

or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the offenses charged in Counts Two and Three of this Superseding Indictment.

35. As a result of committing the firearms offenses charged in Counts Four and Five of this Superseding Indictment, NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), all firearms and ammunition involved in and used in the commission of the offenses charged in Counts Four and Five of this Superseding Indictment.

36. As a result of committing the money laundering offense charged in Count Six of this Superseding Indictment, NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, and any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense or traceable to such property.

37. As a result of committing the obstruction of justice and kidnapping offenses charged in Counts Seven through Ten of this Superseding Indictment, NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

<u>Substitute Assets Provision</u>

38. If any of the above-described forfeitable property, as a result of any act or omission of NESTOR ISIDRO PEREZ SALAS, a/k/a "Nini," a/k/a "19," the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Sections 853(p) and 970, and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 853 and 970;
Title 18, United States Code, Sections 924(d), 981, and 982; and
Title 28, United States Code, Section 2461(c).)

FOREPERSON

*Damian Williams*
DAMIAN WILLIAMS
United States Attorney