

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

August 20, 2025

**BY CM/ECF**
The Honorable Katherine P. Failla
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *United States v. Martin Zazueta Perez*, S5 23 Cr. 180 (KPF)
             *United States v. Kevin Gil Acosta*, S6 23 Cr. 180 (KPF)

Dear Judge Failla:

      Defendants Martin Zazueta Perez and Kevin Gil Acosta are scheduled to appear before the Court on Thursday August 21, 2025, at 10:00 a.m., for an arraignment and initial conference. Zazueta Perez and Gil Acosta have expressed, through counsel, a desire to be represented by the same counsel, Marc A. Fernich, Esq.[1] In light of the potential conflict of interest posed by the representation, this Court also scheduled a hearing, pursuant to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982), before the Court proceeds with counsel's appointment for both defendants.

      This letter is intended to provide background to the Court and to propose questions for the Court to ask Zazueta Perez and Gil Acosta.

    **I.**      **Background**

      In connection with the Government's investigation, on March 18, 2025, a grand jury in this District returned superseding indictments S5 23 Cr. 180 and S6 23 Cr. 180, charging Zazueta Perez and Gil Acosta, respectively, in Count One with conspiracy to import 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 963; in Count Two with conspiracy to distribute and possess with intent to distribute 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 846; in Count Three possessing, using, and carrying machineguns and destructive devices, and aiding and abetting the same, during and in relation to, and in furtherance of, the drug trafficking crimes charged in Count One and Count Two, in violation of 18 U.S.C. § 924(c)(1)(A) and 924(c)(1)(B)(ii);; and in Count Four with conspiracy to possess machineguns and destructive

---

[1] At the presentment on August 13, 2025, Zazueta Perez was represented by Mr. Fernich, and Gil Acosta was represented by counsel Richard Rosenberg, who was appointed under the Criminal Justice Act.

devices during and in relation to, and in furtherance of, the drug trafficking crimes charged in Count One and Count Two, in violation of 18 U.S.C. § 924(o).

In short, the superseding indictments charge that Zazueta Perez and Gil Acosta served as high-ranking *sicarios*, or armed enforcers, for a powerful faction of the Sinaloa Cartel led by the "Chapitos," the sons of the Cartel's notorious former leader, Joaquín Archivaldo Guzmán Loera, a/k/a "El Chapo." As *sicarios* working for the Chapitos, Zazueta Perez and Gil Acosta are charged with, among other things, protecting the Chapitos' fentanyl operations through violence and with military-grade weapons and conducting attacks on Mexican government and military officials in October 2019.

The Government believes that Mr. Fernich's representations of both Zazueta Perez and Gil Acosta create a potential conflict of interest and that a *Curcio* hearing is appropriate to ensure that any waiver of the conflict is knowingly and intelligently made.

## II. Applicable Law

The Sixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel, which includes "the right to representation by conflict free counsel." *United States v. Schwarz*, 283 F.3d 76, 90 (2d Cir. 2002) (quoting *United States v. Blau*, 159 F.3d 68, 74 (2d Cir. 1998)). Courts have two separate obligations where there is a potential conflict of interest. First, there is an "inquiry obligation," pursuant to which the court must "investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all." *United States v. Levy*, 25 F.3d 146, 153 (2d Cir. 1994). Second, if the district court finds that the defendant's attorney faces an actual or potential conflict, a "disqualification/waiver" obligation arises, pursuant to which the court must either: (i) disqualify the attorney if the conflict is sufficiently severe, or (ii) if the conflict may be waived, conduct a *Curcio* hearing to advise the defendant of the ramifications of the conflict and obtain a waiver of any conflict from the defendant.

Three types of conflicts of interest are the subject of judicial inquiry and can potentially result in the deprivation of the effective assistance of counsel: (i) a *per se* conflict; (ii) an actual conflict; or (iii) a potential conflict that results in prejudice to the defendant. *See Armienti v. United States*, 313 F.3d 807, 810 (2d Cir. 2002); *United States v. John Doe No. 1*, 272 F.3d 116, 125 (2d Cir. 2001).

In the Second Circuit, *per se* conflicts have been found only in two classes of cases: where defense counsel "is not authorized to practice law" and where defense counsel "is implicated in the very crime for which his or her client is on trial." *Armienti v. United States*, 234 F.3d 820, 823 (2d Cir. 2000); *see also Solina v. United States*, 709 F.2d 160, 164 (2d Cir. 1983) (unlicensed attorney); *United States v. Cancilla*, 725 F.2d 867, 868-70 (2d Cir. 1984) (attorney implicated in client's crime). The Second Circuit has "repeatedly" and consistently refused to extend the *per se* rule beyond the two prescribed categories. *Strouse v. Leonardo*, 928 F.2d 548, 555 (2d Cir. 1991) ("[T]his court has repeatedly declined to extend the *per se* rule beyond the sort of egregious conduct present in *Solina* and *Cancilla*." (internal quotation marks and citation omitted)).

An actual conflict exists where, "during the course of the representation, the attorney's and defendant's interests diverge with respect to a material legal or factual issue or to a course of action." *United States v. Schwarz*, 283 F.3d at 91 (applying standard derived from *Cuyler v. Sullivan*, 446 U.S. 335 (1980)). To show divergent interests, "[s]peculation is not enough." *Triana v. United States*, 205 F.3d 36, 42 (2d Cir. 2000). Nor is a "mere theoretical division of loyalties." *Mickens v. Taylor*, 535 U.S. 162, 171 (2002). There can be an actual conflict of interest only if "the attorney's current representation is impaired by the loyalty he owes a former client." *United States v. Leslie*, 103 F.3d 1093, 1098 (2d Cir. 1997) (citing *United States v. Malpiedi*, 62 F.3d 465, 469 (2d Cir. 1995)).

"An attorney has a potential conflict of interest if 'the interests of the defendant may place the attorney under inconsistent duties at some time in the future.'" *United States v. Perez*, 325 F.3d 115, 125 (2d Cir. 2003) (quoting *United States v. Kliti*, 156 F.3d 150, 153 n.3 (2d Cir. 1998)). If the defendant "can rationally opt to retain counsel of his choice despite a conflict, the court conduct[s] a *Curcio* hearing to determine whether the defendant knowingly and intelligently waives his right to conflict-free representation." *Id.* at 127.

In addition, Rule 44(c) of the Federal Rules of Criminal Procedure requires courts to inquire into join representations, and specifically to "promptly inquire about the propriety of joint representation" and to "advise each defendant on the right to the effective assistance of counsel, including separate representation." Fed. R. Crim. P. 44(c)(2). "Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel." *Id.*

The Second Circuit has set forth the requirements for such a *Curcio* hearing in great detail:

> At such a hearing, the trial court (1) advises the defendant of his right to representation by an attorney who has no conflict of interest, (2) instructs the defendant as to the dangers arising from particular conflicts, (3) permits the defendant to confer with his chosen counsel, (4) encourages the defendant to seek advice from independent counsel, (5) allows a reasonable time for the defendant to make a decision, and (6) determines, preferably by means of questions that are likely to be answered in narrative form, whether the defendant understands the risk of representation by his present counsel and freely chooses to run them.

*United States v. Perez*, 325 F.3d at 119.

### III.　Discussion

Mr. Fernich's concurrent representation of the defendants in this case appears to present at least the potential of a conflict of interest that requires waiver by both Zazueta Perez and Gil Acosta. *See Perez*, 325 F.3d at 125. Because counsel owes each of his clients a continuing duty of loyalty in this case, absent waiver, he cannot make any arguments to a jury or to the Court that are adverse to the other. For example, if Zazueta Perez and Gil Acosta both plead guilty, counsel may

Hon. Katherine P. Failla                                                                                              Page 4
August 20, 2025

be restricted at sentencing from arguing that one client is more culpable than the other. Furthermore, even the advice to one client to enter into a plea agreement may compromise the lawyer's representation of the other client if the plea is predicated on the first client's provision of information to the Government or on facts that are disputed by the second client.

Therefore, the parties respectfully request that at the *Curcio* hearing each defendant is advised of the nature of the conflict and its potential effects on the advice he will receive, and is then given an opportunity to waive the conflict if he so chooses.

### IV.   Conclusion

For the reasons set forth above, the Government believes a *Curcio* hearing about Mr. Fernich's representation of the defendants is necessary to determine whether they each understand the nature of the conflict; whether they each wish to waive the conflict and if so, whether the waiver is knowing and voluntary; and whether the Court would accept any such waiver. Enclosed are proposed questions for each defendant at the *Curcio* hearing.

Respectfully submitted,

JAY CLAYTON
United States Attorney

by: _____
Nicholas Bradley/Jane Chong
Sarah Kushner/David Robles
Assistant United States Attorneys
(212) 637-2263

Cc:   Marc Fernich, Esq.