UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| -v.- | 23 Cr. 180 (KPF) |
| IVAN ARCHIVALDO GUZMAN SALAZAR, et al., | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**JUAN PABLO LOZANO'S MOTION TO SUPPRESS**

Ezra Spilke
Leonardo M. Aldridge
Mark S. DeMarco
64 Wall Street, Suite 212
Norwalk, CT 06850

Submitted: January 12, 2026                *Counsel for Juan Pablo Lozano*

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................................ ii

**PRELIMINARY STATEMENT** ........................................................................................................ 1

**FACTUAL BACKGROUND** ............................................................................................................. 1

**DISCUSSION** ...................................................................................................................................... 2

    I.    *The CBPO's Strip Search of Mr. Lozano Was Not Supported by Reasonable Suspicion* ..................... 2

**CONCLUSION** .................................................................................................................................... 4

- ii -

## TABLE OF AUTHORITIES

<u>Cases</u>

*Matta v. United States*, 753 F. Supp. 3d 194 (E.D.N.Y. 2024)..........................................................3

*Minnesota v. Dickerson*, 508 U.S. 366 (1993)................................................................................3

*United States v. Montoya de Hernandez*, 473 U.S. 531 (1985).......................................................3

## PRELIMINARY STATEMENT

Juan Pablo Lozano is charged in a six-count indictment with participating in a continuing criminal enterprise, in violation of 21 U.S.C. § 848(a), (b) and (c) (Count One); participating in a fentanyl importation conspiracy, in violation of 21 U.S.C. § 963 (Count Two); participating in a fentanyl trafficking conspiracy, in violation of 21 U.S.C. § 846 (Count Three); possessing machineguns and destructive devices, in violation of 18 U.S.C. §§ 924(c)(l)(A), 924(c)(l)(B)(ii), and 2 (Count Four); conspiracy to possess machineguns and destructive devices, in violation of § 924(o) (Count Five); participating in a money laundering conspiracy, in violation of 18 U.S.C. §§ 1956(h) and 1956(f) (Count Six).

Mr. Lozano now moves, pursuant to Rule 12(b)(3)(C) and the Fourth Amendment to the U.S. Constitution, for an order suppressing several pills containing suspected fentanyl, all post-arrest statements, and any other evidence obtained by Customs and Border Protection Officers (CBPO) and United States Homeland Security Investigations (HSI) agents on September 19 and 20, 2022.

## FACTUAL BACKGROUND

On September 19, 2022, at approximately 11:47 PM, Mr. Lozano attempted to cross the U.S.-Mexico border into the United States at the Bridge of the Americas (BOTA) Port of Entry in El Paso, Texas.[1] Mr. Lozano was on foot and approached the border through the pedestrian lane. Mr. Lozano told the CBPO assigned to the pedestrian lane, Erica Olivas, that he was born

---

[1] Unless otherwise noted, the facts set forth in this section are taken from pages USAO_LOZANO_000038 to USAO_LOZANO_000039 of the DHS Report of Investigation that is attached to the Spilke Declaration as Exhibit A.

- 1 -

in the United States but did not have identification or entry documents with him at that time. He provided his full name and date of birth.

CBPO Olivas later reported that, during the inspection, Mr. Lozano was overly friendly, which she interpreted as nervousness. When CBPO Olivas asked him to pull up his pants, she noticed a bulge near his groin. CBPO Olivas referred Mr. Lozano to Passport Control Secondary (PCS) for further inspection, asking Mr. Lozano again if he had any medications, weapons, or drugs. Mr. Lozano replied that he did not. According to CBPO Olivas, Mr. Lozano seemed nervous and fidgety at that time.

In PCS, Mr. Lozano was patted down by CBPO David Saucedo, with CBPO Samuel Garcia witnessing. CBPO Saucedo reported that, during the pat-down, he felt "a foreign object under LOZANO's groin area." CBPO Saucedo asked Mr. Lozano if he was concealing anything, and Mr. Lozano responded that he was not. CBPO Saucedo then asked Mr. Lozano to pull down his boxer underwear and hand over whatever he was hiding. Mr. Lozano then reached into his underwear and pulled out a small plastic bag from his groin area which contained several blue pills. The pills field tested positive for fentanyl.

HSI Special Agents Eric Gonzalez and Rene Faudoa were then summoned to the Port of Entry to interview Mr. Lozano. Mr. Lozano waived his *Miranda* rights and made incriminating statements regarding the pills that the CBPO found and about prior successful attempts he made to smuggle pills over the border.

### DISCUSSION

**I. The CBPO's Strip Search of Mr. Lozano Was Not Supported by Reasonable Suspicion**

The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and

no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

"Within the confines of the border-search doctrine, courts have distinguished between 'routine' and 'non-routine' searches." *Matta v. United States*, 753 F. Supp. 3d 194, 205 (E.D.N.Y. 2024). Routine searches, which include pat-downs of outer clothing, do not require a warrant, probable cause, or even reasonable suspicion. *United States v. Montoya de Hernandez*, 473 U.S. 531, 538 (1985).

"Non-routine border searches, however, require weighing the offensiveness of the intrusion against the level of warranted suspicion." *Matta*, 753 F. Supp. 3d at 205 (cleaned up) (quoting *Irving*, 452 F.3d at 123). "Non-routine searches that are highly intrusive generally require at least reasonable suspicion, for example—invasive searches such as strip searches or alimentary canal searches rise to the level of intrusion that requires heightened analysis." *Id.*

Here, CBPO Saucedo reported that, during the pat-down, he felt "a foreign object under LOZANO's groin area." The presence of the "foreign object" prompted CBPO Saucedo to cause Mr. Lozano to pull down his underwear, which was effectively a strip search and was non-routine. Assuming CBPO Saucedo's pat-down search of Mr. Lozano's outer clothing was lawful, the strip search was lawful only if supported by reasonable suspicion.

No such suspicion existed. In *Minnesota v. Dickerson*, the Supreme Court, extending the rationale behind the plain-view doctrine to pat-downs, held that an item may be seized only if the law enforcement officer "feels an object whose contour or mass makes its identity immediately apparent." *Minnesota v. Dickerson*, 508 U.S. 366, 375-76 (1993). That is, the officer must be able to identify the object by touch. CBPO Saucedo reported only that he felt a "foreign object," thus failing to identify the object as contraband. Accordingly, the search of Mr. Lozano's body

beneath his underwear was unlawful.

## CONCLUSION

For the foregoing reasons, Juan Pablo Lozano's motion to suppress the evidence obtained from the September 19-20, 2022, search of his person and his statements to HSI agents should be granted and an evidentiary hearing should be held.

Dated:   Norwalk, Connecticut
         January 12, 2026

                                                                 Respectfully submitted,

                                                                 /s/ Ezra Spilke
                                                                Ezra Spilke
                                                                Leonardo M. Aldridge
                                                                Mark S. DeMarco

TO:   Jay Clayton, Esq.
        United States Attorney
        Southern District of New York
Attn:  Sarah Kushner, David Robles, Jane Chong, Nicholas Bradley
        Assistant United States Attorneys

- 4 -