UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>IVAN VALERIO SAINZ SALAZAR,<br>a/k/a "Mantecas,"<br><br>Defendant. | **SEALED SUPERSEDING INDICTMENT**<br><br>S7 23 Cr. 180 (KPF) |

The Grand Jury charges:

## Overview

1.      Fentanyl is the single deadliest drug threat that the United States has ever encountered. Fifty times more potent than heroin, fentanyl has ruined countless lives, decimated entire communities, and killed Americans at an unprecedented rate.

2.      The Sinaloa Cartel (the "Cartel"), based in the Mexican state of Sinaloa, operates in countries around the world and is one of the dominant drug trafficking organizations in the Western Hemisphere. The Cartel is largely responsible for the massive influx of fentanyl into the United States over the past approximately ten years, and for the accompanying violence and deaths that have afflicted communities on both sides of the U.S.-Mexico border.

3.      The sons of the Cartel's notorious former leader, Joaquín Archivaldo Guzmán Loera, a/k/a "El Chapo,"[1] known collectively as the "Chapitos," have variously and at times led the most powerful faction of the Cartel and the largest, most violent, and most prolific fentanyl trafficking operation in the world. To protect and further their fentanyl trafficking operation, the

---

[1] Joaquín Archivaldo Guzmán Loera was extradited to the United States in 2017 and convicted of federal narcotics trafficking, weapons, and money laundering offenses on February 12, 2019. On July 17, 2019, he was sentenced to a term of imprisonment of life plus 30 years. He is currently serving that sentence.

Chapitos and their confederates have relied on armed enforcers, known as *sicarios*. The Chapitos' *sicarios* comprise a security apparatus built to commit acts of violence to protect the Chapitos' operation and its leaders, territory, labs, trafficking routes, and money. These *sicarios* regularly use military-grade weapons smuggled from the United States, including machineguns, to perpetrate violence, including murder, torture, and kidnapping.

4.    From at least in or about 2022, up to and including in or about 2025, IVAN VALERIO SAINZ SALAZAR, a/k/a "Mantecas," the defendant, served as a key fentanyl producer for the Chapitos. SAINZ SALAZAR worked with others to produce millions of fentanyl pills on behalf of the Chapitos, participated in meetings to arrange fentanyl transactions, carried firearms and relied on armed security personnel at those meetings, and reported to high-ranking lieutenants of the Chapitos who themselves relied on *sicarios* armed with AK-47s and FN Minimis for the protection and promotion of their fentanyl operations.

5.    In or about 2023, the Chapitos consolidated fentanyl production at laboratories operated by IVAN VALERIO SAINZ SALAZAR, a/k/a "Mantecas," the defendant, and his associates, and issued orders authorizing only SAINZ SALAZAR and his associates to produce and distribute fentanyl in territories controlled by the Chapitos.

## COUNT ONE
### (Fentanyl Importation Conspiracy)

6.    From at least in or about 2022, up to and including at least in or about 2025, in the Southern District of New York, Mexico, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, IVAN VALERIO SAINZ SALAZAR, a/k/a "Mantecas," the defendant, and others known and unknown, at least one of whom has been first brought to and arrested in the Southern District of New York, knowingly and intentionally

combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

7.      It was a part and an object of the conspiracy that IVAN VALERIO SAINZ SALAZAR, a/k/a "Mantecas," the defendant, and others known and unknown, would and did import into the United States and into the customs territory of the United States from a place outside thereof a controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

8.      It was further a part and an object of the conspiracy that IVAN VALERIO SAINZ SALAZAR, a/k/a "Mantecas," the defendant, and others known and unknown, would and did manufacture, distribute, and possess with intent to distribute a controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, in violation of Title 21, United States Code, Sections 959(a) and 960(a)(3).

9.      The controlled substance that IVAN VALERIO SAINZ SALAZAR, a/k/a "Mantecas," the defendant, conspired to (i) import into the United States and into the customs territory of the United States from a place outside thereof, and (ii) manufacture, distribute, and possess with intent to distribute, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, was 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 960(b)(1)(F).

(Title 21, United States Code, Section 963; and
Title 18, United States Code, Section 3238.)

3

## COUNT TWO
### (Fentanyl Trafficking Conspiracy)

The Grand Jury further charges:

10.    The allegations contained in Paragraphs 1 through 5 of this Superseding Indictment are incorporated as though fully set forth herein.

11.    From at least in or about 2022, up to and including at least in or about 2025, in the Southern District of New York, Mexico, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, IVAN VALERIO SAINZ SALAZAR, a/k/a "Mantecas," the defendant, and others known and unknown, at least one of whom has been first brought to and arrested in the Southern District of New York, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

12.    It was a part and an object of the conspiracy that IVAN VALERIO SAINZ SALAZAR, a/k/a "Mantecas," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

13.    The controlled substance that IVAN VALERIO SAINZ SALAZAR, a/k/a "Mantecas," the defendant, conspired to distribute and possess with intent to distribute was 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846; and
Title 18, United States Code, Section 3238.)

4

## COUNT THREE
### (Possession of Machineguns and Destructive Devices)

The Grand Jury further charges:

14.    The allegations contained in Paragraphs 1 through 5 of this Superseding Indictment are incorporated as though fully set forth herein.

15.    From at least in or about 2022, up to and including at least in or about 2025, in the Southern District of New York, Mexico, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, and for which at least one of two or more joint offenders has been first brought to and arrested in the Southern District of New York, IVAN VALERIO SAINZ SALAZAR, a/k/a "Mantecas," the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, the offenses charged in Counts One and Two of this Superseding Indictment, knowingly used and carried firearms, and, in furtherance of such crimes, knowingly possessed firearms, and aided and abetted the use, carrying, and possession of firearms, including machineguns that were capable of automatically shooting more than one shot, without manual reloading, by a single function of the trigger, as well as destructive devices.

(Title 18, United States Code, Sections 924(c)(1)(A), 924(c)(1)(B)(ii), 3238, and 2.)

## COUNT FOUR
### (Conspiracy to Possess Machineguns and Destructive Devices)

The Grand Jury further charges:

16.    The allegations contained in Paragraphs 1 through 5 of this Superseding Indictment are incorporated as though fully set forth herein.

17.    From at least in or about 2022, up to and including at least in or about 2025, in the Southern District of New York, Mexico, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, IVAN VALERIO SAINZ SALAZAR,

a/k/a "Mantecas," the defendant, and others known and unknown, at least one of whom has been first brought to and arrested in the Southern District of New York, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 924(c).

18. It was a part and an object of the conspiracy that IVAN VALERIO SAINZ SALAZAR, a/k/a "Mantecas," the defendant,  and others known and unknown, would and did, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, the offenses charged in Counts One and Two of this Superseding Indictment, knowingly use and carry firearms, and, in furtherance of such crimes, knowingly possess firearms, including machineguns that were capable of automatically shooting more than one shot, without manual reloading, by a single function of the trigger, as well as destructive devices, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(1)(B)(ii).

(Title 18, United States Code, Sections 924(o) and 3238.)

**FORFEITURE ALLEGATIONS**

19. As a result of committing the controlled substance offenses charged in Counts One and Two of this Superseding Indictment, IVAN VALERIO SAINZ SALAZAR, a/k/a "Mantecas," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offenses, and any and all property used, or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the offenses charged in Counts One and Two of this Superseding Indictment.

20. As a result of committing the firearms offenses charged in Counts Three and Four of this Superseding Indictment, IVAN VALERIO SAINZ SALAZAR, a/k/a "Mantecas," the

defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), all firearms and ammunition involved in and used in the commission of the offenses charged in Counts Three and Four of this Superseding Indictment.

Substitute Assets Provision

21.    If any of the above-described forfeitable property, as a result of any act or omission of IVAN VALERIO SAINZ SALAZAR, a/k/a "Mantecas," the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Sections 853(p) and 970, and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 853 and 970;<br/>Title 18, United States Code, Section 924(d); and<br/>Title 28, United States Code, Section 2461(c).)

FOREPERSON

JAY CLAYTON
United States Attorney

7